IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:06-cr-01001-TLW-2 |
|---|---|
| v. | **Order** |
| Herbert Bellamy Jr. | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018,[1] passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 73, 77. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 10 years of supervised release. PSR ¶¶ 74, 80. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing three levels, his reduced Guidelines range became

---

[1] Defendant initially filed a *pro se* letter inquiring about his eligibility for a reduction, ECF No. 142, and an assistant federal public defender later filed a motion for First Step Act relief on his behalf, ECF No. 149.

1

188–235 months (31/VI). The Court imposed a 192-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 202.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams.

The Government takes the position that Defendant is not eligible for relief under the First Step Act because the crack weight for which he was held accountable at sentencing—366.1 grams—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams. The Government asserts that if the Fair Sentencing Act had been in effect when he committed the offense of conviction, the Government would have charged the current § 841(b)(1)(A)(iii) threshold amount. *See* ECF No. 578 at 4–5. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a

covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, ___ F.3d ___, ___, 2019 WL 6139017, at *8 (4th Cir. Nov. 20, 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 576 at 1. The Government argues that he is not entitled to a full resentencing. *See* ECF No. 491 at 6–8.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, ___ F.3d at ___ n.1, 2019 WL 6139017, at *5 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

In light of the First Step Act and as set forth in the Sentence Reduction Report, the Court concludes that Defendant is now subject to a reduced statutory sentencing range. As to Count 1, the custody term has been reduced from 20 years-to-Life to 10 years-to-Life, and the supervised release term has been reduced from at least 10 years to at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (setting forth the current penalties

for a defendant who is convicted of possessing with intent to distribute at least 28 grams but less than 280 grams of crack). But while his statutory penalties have changed, he remains a career offender pursuant to *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), and his post-departure Guidelines range remains 188–235 months.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government argues that even if the Court concludes that he is eligible for relief, the Court should exercise its discretion to not reduce his sentence because the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 578 at 5–6. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, ___ F.3d at ___, 2019 WL 6139017, at *9.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. Pursuant to the First Step Act, Defendant's motion, ECF No. 576, is **GRANTED**. Defendant is now sentenced to a term of imprisonment of 188 months or time served, whichever is greater.[2] Upon his

---

[2] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that

4

release from incarceration, he must serve a term of supervised release of 8 years. An amended judgment will follow. This order is not effective until the tenth day following its issuance.[3]

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

ORDER DATE: December 4, 2019
EFFECTIVE DATE: December 14, 2019
Columbia, South Carolina

---

a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g.*, *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").

[3] The Court concludes that it would be appropriate that this order not take effect until ten days after its issuance to allow time for the BOP to transition him in the event that he is entitled to immediate release. *See, e.g.*, *United States v. Clarke*, No. 3:04-cr-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) (staying the effective date of the order reducing the defendant's sentence to time served).